**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON**

| | | |
|---|---|---|
| **RICKEY L. LEAP** | ) | |
| | ) | |
| Petitioner | ) | **Civil Action No. 08-51-WOB** |
| | ) | |
| V. | ) | |
| | ) | |
| **KENTUCKY DEPARTMENT OF** | ) | **MEMORANDUM OPINION** |
| **CORRECTIONS, ET AL.** | ) | **AND ORDER** |
| | ) | |
| Respondents | ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*

Petitioner Rickey L. Leap ("Leap"), an individual incarcerated in the Lee Adjustment Center in Beattyville, Kentucky, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Record No. 2] This matter is before the Court for screening. 28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736, \*1 (6th Cir. 2002).

As Leap is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his petition are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the Court may dismiss the petition at any time, or make any such disposition as law and justice require, if it determines that the petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

**I.   Background**

In his petition, Leap asks the Court:

> to issue a writ directing the Kentucky Department of Corrections to Restore and Credit Petitioner Rickey L. Leap Inmate #160197 with 50 days of [meritorious] good time that was wrongfully denied him. Said [meritorious] good time was denied by

>warden Larry Chandler while Inmate was held at Kentucky State Reformatory between the 1-yr time frame of Oct. 2004 through May 2006.

Leap alleges that he was denied the meritorious good time credits ("GTCs") because he was unable or unwilling to participate in prison rehabilitative programs. Leap asserts that because the pertinent state regulation, the Kentucky Department of Corrections' ("KDOC") Corrections Policies and Procedures ("CPP") 15.3, does not state that GTCs are denied to those who refuse to participate, the warden is precluded from denying him GTCs. [Record No. 2]

In order to solicit further information from Leap regarding the basis for his claims beyond his short hand-written statement, the Court directed Leap to complete the Court's form habeas corpus petition, Form EDKy 521. [Record No. 3] In the form petition submitted by Leap, he clarified that he was unable to participate in these rehabilitation programs for approximately 5-9 months while he was on a waiting list for entry into such programs. He further indicated that CPP 15.3 provided the legal basis for his claim. Finally, in response to questions regarding his exhaustion of available state remedies, Leap indicated that the issue raised in his petition was not grievable.

## II.  Discussion

Section 2241 recognizes the authority of the federal courts to entertain and grant writs of habeas corpus. 28 U.S.C. § 2241(a). However, subsequent statutory sections qualify that general grant of authority with respect to petitions asserted prisoners in state custody. First, state prisoners are required to exhaust available state remedies before presenting the claim to a federal court in a habeas petition. 28 U.S.C. § 2254(b)(1) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that ... (A) the applicant has exhausted the remedies available in the courts of the State"). While

almost all aspects of a prisoner's confinement are subject to the KDOC's grievance process, CPP 14.6(II)(B)(1)-(6), a complaint regarding any "decision concerning the award or denial of educational good time" is specifically excepted from the grievance process. CPP 14.6(II)(C)(6). Accordingly, it appears that no administrative remedy was available to Leap to contest the warden's refusal to award him educational GTCs, and therefore 28 U.S.C. § 2254(b)(1)(A) does not present a barrier to the claim Leap asserts herein.

**Nonetheless, two other barriers doom Leap's claim.** The first is procedural: the one-year limitations period for asserting claims set forth in Section 2244. That provision states:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(D). In this case, Leap's claim is predicated upon his failure to receive GTCs for the period from October 2004 until May 2006. During at least some portion of this period, Leap actively sought entry into KDOC's rehabilitation programs, but was unable to participate because of the waiting list for the programs. Therefore, at some point on or before May 2006, Leap was aware, or should have been through the exercise of reasonable diligence, of the factual predicate for his claims. Because he delayed more than one year after May 2006 to seek habeas relief, his petition is now time-barred. *Cf. Diaz v. Conway*, 498 F.Supp.2d 654 (S.D.N.Y. 2007).

The second barrier is substantive. Section 2254 permits a federal court to **"entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."** 28 U.S.C. § 2254(a). Leap's petition does not contend that the

warden's denial of educational GTCs violates his rights under the federal Constitution or federal law; rather, he contends that the warden's decision is not justifiable under the applicable KDOC regulation, CPP 15.3, which is purely a creature of state law. Such claims, based purely on state law, are not cognizable in a petition for a writ of habeas corpus. *United States ex rel. Hoover v. Franzen*, 669 F.2d 433 (7th Cir. 1982) (federal habeas relief is limited to issuance of the writ for violations of federally protected rights; prisoner must resort to state law for recourse for violations of state law); *United States ex rel. Morton v. Brierley*, 299 F. Supp. 95 (E.D. Pa. 1969); *Miller v. Crouse*, 346 F.2d 301 (10th Cir. 1965).

Finally, even had Leap alleged that the denial of educational GTCs violated his federally-protected rights, his claim would fail on the merits. The regulation at issue, CPP 15.3, is derived from a Kentucky statute, which provides:

> An inmate may, at the discretion of the commissioner, be allowed a deduction from a sentence not to exceed five (5) days per month for performing exceptionally meritorious service or performing duties of outstanding importance in connection with institutional operations and programs. The allowance shall be in addition to commutation of time for good conduct and under the same terms and conditions and without regard to length of sentence.

Ky. Rev. Stat. 197.145(3). The text of the statute expressly provides that even where the inmate satisfies its condition precedent, by "performing exceptionally meritorious service or performing duties of outstanding importance in connection with institutional operations and programs," the award of GTCs remains "at the discretion of the commissioner." Several courts interpreting this provision have concluded that because "[n]o inmate has a *right* to meritorious good time under CPP 15.3, it is a privilege bestowed at the discretion of the Commissioner," no prisoner has a liberty interest in the regulation required to invoke the protections of the Due Process Clause under the Fourteenth Amendment under *Sandin v. Conner*, 515 U.S. 472 (1995). *Anderson v. Parker*, Ky.App.,

964 S.W.2d 809, 810 (1997); *Marksberry v. Chandler*, Ky.App., 126 S.W.3d 747, 750 (2003) ("Because the decision whether to award meritorious good-time in the first instance is totally within the discretion of the Commissioner, a claim to any specific amount of meritorious good-time and loss due to a reduction in the amount an inmate is eligible to receive is purely speculative. The loss of the mere opportunity to earn good-time credit does not constitute a cognizable liberty interest.").

**III.    Conclusion**

The Court being sufficiently advised,

**IT IS ORDERED** as follows:

(1)    Rickey L. Leap's petition for a writ of habeas corpus [Record No. 2] is **DENIED.**

(2)    The Court certifies that any appeal would not be taken in good faith.  28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

This 22nd day of July, 2008.



Signed By:
**William O. Bertelsman**  WOB
United States District Judge